IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUSSELL LEE X. VANCE, | : | |
| Petitioner, | : | 1:21-cv-0422 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| SUPERINTENDENT THOMAS MCGINLEY, | : : | |
| Respondent. | : | |

**<u>MEMORANDUM</u>**

**April 5, 2021**

On March 8, 2021, Petitioner Russell Lee X. Vance ("Vance"), a state inmate in the custody of the Pennsylvania Department of Corrections ("DOC") presently incarcerated at the State Correctional Institution at Coal Township ("SCI-Coal Township"), initiated the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1).

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 1(b) permits application of rules to habeas corpus petitions pursuant to 28 U.S.C. § 2241.  A petition may be dismissed without review of an answer when the petition

is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself. . . . " *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

Preliminary review reveals that the petition is subject to summary dismissal.

## I.  BACKGROUND

Vance alleges that, on or about December 15, 2020, he was taken to the hospital where he remained for approximately four days. (Doc. 1, p. 3). Upon his return to SCI-Coal Township, he was "put in the hole." About a month later, he was placed in what he describes as an experimental therapeutic community program. (*Id.* at 3, 4). He asserts that he is being unlawfully incarcerated and seeks relief in the form of release from this program. (*Id.* at 8).

## II.  DISCUSSION

"[H]abeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002) (quoting Powers of Congress and the Court Regarding the Availability and Scope of Review, 114 Harv.L.Rev. 1551, 1553 (2001)). When seeking to

impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. *See Leamer*, 288 F.3d at 540. "Habeas corpus is not an appropriate or available federal remedy." *See Linnen v. Armainis*, 991 F.2d 1102, 1109 (3d Cir. 1993).

Vance does not challenge the legality of his present incarceration. Rather, he is challenging the conditions of his confinement. The appropriate vehicle for seeking such relief is a civil rights complaint. Consequently, the petition for writ of habeas corpus will be dismissed without prejudice to his right to file a civil rights action.

### III. **CONCLUSION**

For the reasons set forth above, the petition for writ of habeas corpus will be dismissed.

A separate Order will enter.